**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

GLENDALE PENDER,

Plaintiff,

v.

COUNTY OF CUMBERLAND, et al.,

Defendants.

Civil Action No. 09-6350 (RBK)

**MEMORANDUM OPINION AND ORDER**

IT APPEARING THAT:

1. Plaintiff, who is either a pre-trial detainee or a convicted individual,[1] has submitted for filing his civil complaint and his application to proceed in this matter in forma pauperis. See Docket Entry No. 1. The latter qualifies Plaintiff for in forma pauperis status.

2. Plaintiff alleges that, during his arrest on May 24, 2008, the arresting officers exercised excessive force. See id. at 6. The Court construes these allegations as Plaintiff's claim that his Fourth Amendment rights were violated during that arrest.

---

[1] Plaintiff's submission to the Court states that he is currently detained by the Cumberland County Department of Corrections. Plaintiff's record with the New Jersey Department of Corrections, however, indicates that Plaintiff was released from serving his prior term of imprisonment on October 27, 2006. See <<https://www6.state.nj.us/DOC_Inmate/details?x=1032278 &n=0>>. Plaintiff's instant Complaint asserts that he was arrested on May 24, 2008, apparently with regard to new charges or incident. Therefore, it appears that Plaintiff is currently a pre-trial detainee, although the Court cannot establish that fact with an absolute certainty.

3. Plaintiff names, as Defendants in this action, the following entities and individuals: (a) County of Cumberland ("County"); (b) City of Vineland ("City"); (c) Vineland Police Department ("Police Department"); (d) South Jersey Healthcare ("Healthcare"); (e) Cumberland County Department of Corrections ("DOC"); (f) Medical Department of the Cumberland County Department of Corrections ("Medical Department"); and (g) Officer Walter Wronyuk ("Wronyuk").

4. Plaintiff alleges that the aforesaid Defendants were involved in this case in the following fashion: (a) the Complaint is wholly silent as to any involvement of the County or the City; (b) the Complaint refers to the Police Department solely in order to indicate that Plaintiff's arresting officers were employed by that entity; (c) Plaintiff refers to the Healthcare in order to state that, after suffering injuries as a result of the alleged excessive force, Plaintiff was taken to the Healthcare and was duly administered medical assistance; (e) Plaintiff refers to the DOC to clarify that, after being released from the Healthcare, Plaintiff was placed in custody of the DOC; (f) Plaintiff refers to the Medical Department to clarify that, upon his entry in DOC custody, Plaintiff was placed in the Medical Department where he received additional medical care for six weeks; and (g) Plaintiff asserts that Wronyuk

was either physically present during -- or otherwise aware of -- the use of excessive force by Plaintiff's arresting officers but, regardless of having supervisory capacity over those officers, Wronyuk did not interfere with their use of excessive force.

5. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e) (2) (B) an § 1915A. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the

allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint as "frivolous" is an objective one. See Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995). Recently, the Supreme Court clarified the standard for summary dismissal in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center. The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or

'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

Id. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint is plausible. See id. at 1949-50; see also Twombly, 550 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that applied to federal complaints before Twombly.[2] See Fowler, 578 F.3d 203.

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the

[2] Under Conley, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Under this "no set of facts" standard, a complaint could effectively survive [dismissal] so long as it contained a bare recitation of the claim's legal elements.

> reviewing court to draw on its judicial experience and common sense."

Fowler, 578 F.3d 203 (citations omitted).

6. Here, Plaintiff names, as Defendants in this action, the DOC and the Police Department. However, these entities are not "persons" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (police department is not a "person" for the purposes of a § 1983 suit); Martin v. Red Lion Police Dep't, 146 Fed. App'x, 558, 562 n.3 (3d Cir. 2005) (same); Briggs v. Moore, 251 Fed. App'x 77, 2007 (3d Cir. 2007) (police department and prosecutor's office are not "persons" within the meaning of § 1983 suit). Similarly, "[i]n the Third Circuit, it is well-settled that a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." Regan v. Upper Darby Twp., 2009 U.S. Dist. LEXIS 19807, at *14 (E.D. Pa. Mar. 11, 2009) (collecting cases). Therefore, Plaintiff's claims against the Police Department, the DOC and the Medical Department of the DOC will be dismissed since these entities are not amenable to a § 1983 suit.[3]

7. Plaintiff's claims against the County, the City and the Healthcare will be dismissed, under the holding of Iqbal,

[3] Alternatively, such dismissal would be warranted in light of Plaintiff's failure to assert any wrongdoing by these entities.

for failure to allege any personal involvement of these entities in any wrong allegedly suffered by Plaintiff.

8. That leaves the Court solely with Plaintiff's claim that Wronyuk was present during -- or otherwise aware of -- the use of excessive force by Plaintiff's arresting officers but, having supervisory capacity over those officers, Wronyuk did not interfere with their use of excessive force. Under the holding of Iqbal, these allegations appear insufficient. The Iqbal Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a respondeat superior theory or on the basis of some general link to allegedly responsible individuals or actions. See Iqbal, 129 S. Ct. at 1948-49 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior . . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities"); accord, e.g., Richards v. Pennsylvania, 196 Fed. App'x 82, 85 (3d Cir. 2006) (the court, in Section 1983 action alleging excessive force in

arrest, agreed with a magistrate judge that plaintiff's "failure to allege personal involvement on the part of defendant [who was the deputy warden] proved fatal to [plaintiff's] claims"); Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" in order to be liable) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); Johnstone v. United States, 980 F. Supp. 148, 151-52 (E.D. Pa. 1997) (court sua sponte dismissed claims against government official because "there is no indication" that the officer "had any personal involvement in the alleged constitutional deprivations," and plaintiff therefore could not "prove any set of facts that would entitle him to relief against [the officer]").

9. Here, Plaintiff asserts that Wronyuk had merely knowledge of the alleged use of excessive force, but Plaintiff asserts no purposeful personal involvement by Wronyuk. Therefore, as drafted, Plaintiff's claims against Wronyuk are subject to dismissal. See Iqbal, 129 S. Ct. at 1948-49 ("[P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from his or her superintendent responsibilities").

10. Although the Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings

drafted by attorneys, see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972), and leave to amend should be liberally granted, such grant is not warranted where it is clear from the face of the pleading that the deficiencies of the litigant's factual allegations cannot be cured by allowing amended pleadings. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000). Here, in light of Plaintiff's: (a) failure to state a cognizable claim against named Defendants; and (b) statements that Plaintiff, allegedly, suffered excessive force in hand of police officers but accompanied by Plaintiff's failure to name these officers as Defendants in this matter, the Court is constrained to dismiss Plaintiff's Complaint. However, the Court finds that dismissal with prejudice would be unwarranted: indeed, Plaintiff might cure the deficiencies of his Complaint if allowed an opportunity to amend it, e.g., by naming the officers who, allegedly, unduly assaulted him as Defendants in this matter. Therefore, the Court will allow Plaintiff an opportunity to amend his pleading.[4]

---

[4] Plaintiff also may clarify his dismissed-in-this-Order claims against the entities or individuals in the event Plaintiff can assert facts showing these entities/individuals' personal involvement in the wrongs allegedly suffered by Plaintiff. The same, however, does not apply to the entities not cognizable as

IT IS on this 1st day of April, 2010,

ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's application to proceed in this matter _in forma pauperis_ is granted, and Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order by regular mail upon the Attorney General for the State of New Jersey and on the warden of the place of Plaintiff's current confinement; and it is further

ORDERED that the complaint, Docket Entry No. 1, is dismissed. Such dismissal is without prejudice to Plaintiff's

---

"persons" for the purposes of § 1983 suit.

filing of an amended complaint; such filing shall be executed within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that, in the event Plaintiff timely files an amended complaint, the Court will direct the Clerk to reopen this matter and will screen the allegations stated in Plaintiff's amended complaint; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail, together with a blank civil complaint form; and it is finally

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED".

s/Robert B. Kugler
**Robert B. Kugler,**
**United States District Judge**